SUMMARY ORDER

Alton Maddox appeals from a judgment of the United States District Court for the Eastern District of New York (Ross, J.) dismissing his facial and as-applied constitutional challenges to the attorney reinstatement procedures of the Supreme Court of the State of New York Appellate Division, Second Judicial Department. The District Court dismissed Maddox’s facial claims for lack of standing and his as-applied claims under the Rooker-Feldman doctrine. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues on appeal.
Maddox first claims that the Second Department’s lack of a mechanism by which attorneys can submit newly discovered evidence to challenge their suspension from practice violated the Fourteenth Amendment. In fact, the Second Department does have such a mechanism: N.Y. C.P.L.R. 5015(a)(2) allows a court to relieve a party from judgment “upon the ground of ... newly-discovered evidence which, if introduced at the trial, would probably have produced a different result and which could not have been discovered in time to move for a new trial.” See also C.P.L.R. 103(b) (applying C.P.L.R. 5015(a)(2) to disciplinary proceedings). And because a procedure for the submission of new evidence exists — a procedure that Maddox has not as yet invoked— Maddox cannot allege an injury. The dismissal of the first claim must therefore be affirmed.
Second, Maddox claims that the Second Department unconstitutionally failed to explain its decision to deny his application for reinstatement. Under the Rooker-Feldman doctrine, “federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments.” Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 84 (2d Cir. 2005). The Rooker-Feldman doctrine precludes our review of state court decisions when all four of the following conditions exist:
First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must “complaint ] of injuries caused by [a] state-court judgmentf.]” Third, the plaintiff must “invit[e] district court review and rejection of [that] judgment ].” Fourth, the state-court judgment must have been “rendered before the district court proceedings com *965 menced” — ie., Rooker-Feldman has no application to federal-court suits proceeding in parallel with ongoing state-court litigation.
Hoblock, 422 F.3d at 85 (alterations in original) (footnote omitted) (quoting Exxon-Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)). The Rooker-Feldman doctrine applies here to preclude our review of Maddox’s second claim: Maddox lost in state court; that happened in 2003, prior to the filing of this federal lawsuit; he complains of an injury caused by a state court judgment — namely the Second Department’s failure to explain its refusal to reinstate him; and his claim is clearly designed to assist him in review and reversal of that judgment. It follows that we lack jurisdiction over this claim, and its dismissal must accordingly be affirmed.
Third, Maddox claims that the Second Department violated the Ex Post Facto clause, U.S. Const. Art. I § 9 cl. 3, by imposing new conditions on his reinstatement that were not in the original order suspending him from the practice of law. However, “[t]he ex post facto clause forbids retroactive application of penal legislation, not civil legislation.” Domond v. I.N.S., 244 F.3d 81, 87 (2d Cir.2001). This claim also meets the four Rooker-Feldman requirements: it arises from a suit Maddox lost in state court, prior to the filing of this lawsuit; it complains of an injury caused by a state court judgment; and it seeks review and reversal of that judgment. Its dismissal must therefore be affirmed.
Fourth, Maddox claims that the absence of rules in the Second Department relating to compulsory process and discovery rights for disciplined attorneys violated the Fourteenth Amendment. Insofar as Maddox challenges his own past proceedings before the state courts, we lack jurisdiction under the Rooker-Feldman doctrine for the same reasons already given. And insofar as Maddox challenges the constitutionality of future proceedings, his claim has been mooted by the Second Department’s adoption, in 2005, of 22 N.Y. Comp.Codes R. & Regs. Tit. 22, § 691.5-a, which provides that in a “formal disciplinary proceeding” against an attorney, the clerk of court may issue subpoenas, and the testimony of unavailable witnesses may be taken by deposition.
Fifth, Maddox claims that the Second Department discriminated against him on the basis of race. Maddox’s claim of discrimination in past proceedings must be dismissed on Rooker-Feldman grounds: Maddox lost in those proceedings, which predated this lawsuit; he complains of an injury caused by the state court’s judgment; and he seeks review and reversal of that judgment. With regal’d to Maddox’s claim of possible future discrimination, Maddox lacks standing: such a claim would require him to show that if he applied for admission or reinstatement in the Second Department, his application would then be rejected based on racial animus. This is too speculative an allegation to support standing. See Allen v. Wright, 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984) (abstract, conjectural, or hypothetical injuries cannot support standing).
 Finally, Maddox claims that, in violation of the First Amendment, the Second Department retaliated against him for publishing certain opinion pieces in the New York Amsterdam News. Maddox represents that the Second Department’s Grievance Committee scheduled a disciplinary hearing for July 19, 2007, but the record on appeal does not reflect whether the Grievance Committee has reached a *966 final resolution of the matter. Until it does, Maddox’s First Amendment claim would not be ripe; moreover, we would lack jurisdiction over Maddox’s claim even if it were ripe, since it is barred by the Rooker-Feldman doctrine.
Accordingly, we hereby AFFIRM the judgment of the District Court.